IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JASON LEE NIEMAN,                      )
                                       )
              Plaintiff,               )
                                       )
v.                                     )     No. 12-3250
                                       )
GRANGE MUTUAL INSURANCE                )
COMPANY and INTEGRITY                  )
MUTUAL INSURANCE                       )
COMPANY,                               )
                                       )
              Defendants.              )
                                       )
_____       )
                                       )
JASON LEE NIEMAN,                      )
                                       )
              Counter-Defendant,       )
                                       )
vs.                                    )
                                       )
GRANGE MUTUAL CASUALTY                 )
COMPANY AND INTEGRITY                  )
MUTUAL INSURANCE COMPANY,              )
                                       )
              Counter-Plaintiffs.      )

OPINION

RICHARD MILLS, U.S. District Judge:

    Pending is the Defendants' Motion to Dismiss the Plaintiff's First

Amended Complaint.[1]

Pending also is the Plaintiff's Motion to Dismiss the Defendants' Counterclaims.

I.

On September 14, 2012, Plaintiff Jason Lee Nieman filed a Complaint wherein he asserted claims pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII), as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981, The Civil Rights Act of 1866; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA); the Illinois Human Rights Act, 775 ILCS 5/6-101; and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112.01 *et seq.* The Plaintiff alleges this action is related to, but separate and distinct from, an action pending in this Court against the same Defendants. *See* Case Number 3:11-cv-3404.

On October 23, 2012, Defendants, Grange Mutual Insurance Company ("Grange") and Integrity Mutual Insurance Company ("Integrity"), as Counter-Plaintiffs filed a Counterclaim, asserting claims for

---

[1]Also pending is a Motion of the Defendants to Dismiss the Plaintiff's First Complaint [d/e 3], which will be Denied as Moot.

2

Defamation *per se* and Abuse of Judicial Process.

The Plaintiff's Amended Complaint, which was filed on October 24, 2012, includes a number of claims against Defendants Integrity and Grange.  In Count I, the Plaintiff asserts retaliation claims under Title VII, the ADEA, and § 1981.  In Count II, the Plaintiff asserts retaliation claims pursuant to the Illinois Human Rights Act, 775 ILCS 5/6-101 and the Ohio Civil Rights Act, O.R.C 4112.

In Count III, the Plaintiff asserts retaliation claims in violation of the ADEA, Title VII and § 1981, which are premised on the Defendants' Counterclaim filed in this case the previous day.  Count IV includes claims pursuant to the Illinois Human Rights Act and Ohio Civil Rights Act, and is also based on the Defendants' Counterclaims.

The Plaintiff's specific allegations of retaliation include the following: (1) that the Defendants' offer to settle the original litigation (Case Number 3:11-CV-3404) if the Plaintiff released all claims and paid the Defendants $200,000 [Amended Complaint ¶¶ 7, 16]; (2) providing false or incomplete information to the EEOC when responding to the Plaintiff's EEOC charge

3

[Amended Complaint ¶ 12]; (3) engaging in criminal conduct and ethics violations by intimidating, influencing and bribing third-party witnesses Jeff Gipson and Mike Tingley [Amended Complaint ¶¶ 13-16]; (4) demanding that Plaintiff retract alleged libelous statements, including his allegations of criminal bribery [Amended Complaint ¶ 18]; (5) filing a motion for sanctions seeking dismissal of the original lawsuit [Amended Complaint ¶ 23]; (6) objecting to discovery served by the Plaintiff as harassing and burdensome [Amended Complaint ¶¶ 24-25]; and (7) filing a Counterclaim against him for defamation and abuse of judicial process.  The Plaintiff further contends that he has had to endure multiple personal attacks and abuse from the Defendants, primarily through their counsel [Amended Complaint ¶ 17].

## II.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to withstand a motion to dismiss under Rule 12(b)(6), the complaint must include sufficient factual allegations that, when accepted as true,

"state a claim to relief that is plausible on its face."   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility requirement means a plaintiff must do more than show it is possible that a defendant acted wrongfully. *See id*.  A court must draw on "its judicial experience and common sense" in determining if a discrimination claim has crossed the line from "conceivable to plausible." *See id*. at 679, 680 (citations omitted).

After carefully reviewing the Amended Complaint and record, the Court concludes that the Amended Complaint must be dismissed.

Most of the issues and allegations contained in the Amended Complaint were raised by the Plaintiff in the related case.  *See Nieman v. Grange Mutual Insurance Company, et al.*, Case Number 3:11-CV-3404, Doc. Nos. 61, 64 & 65.  In a Text Order entered in the related case on August 20, 2012, United States Magistrate Judge Byron G. Cudmore denied the Plaintiff's motion to amend as untimely.  The Plaintiff did not appeal Judge Cudmore's ruling.

In his Response to the Defendants' Motion to Dismiss, the Plaintiff acknowledges that he filed this action <u>after</u> the Court denied leave to

5

amend his complaint in the related action.  *See* Doc. No. 13, p.4.

In an August 31, 2012 Order denying while holding in abeyance the Defendants' Motion for Sanctions, the Court discussed some of the allegations which form the basis of the Plaintiff's new case–specifically certain allegations relating to witness intimidation.  *See* Doc. No. 74.  To the extent that the Plaintiff seeks to re-litigate any of those issues, the Court finds there is no basis to do so.

The Court further concludes that Plaintiff's retaliation claims constitute litigation conduct that is more appropriately supervised by the Court and does not form the basis of an employment retaliation claim.  In *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473 (7th Cir. 1996), the Seventh Circuit considered a claim that a co-worker of the plaintiff instructed other employees that they were not to give affidavits to plaintiff to assist in her litigation against the defendant.  *See id*. at 485.  However, the court concluded that such conduct could not support a retaliation claim.  *See id*. at 486 ("An attempt to obstruct the litigation of the underlying discrimination complaint, like oppressive discovery requests and

6

the withholding of other evidence, is inseparable from the litigation of the claim" and "is a matter to be resolved pursuant to court rules, not by Title VII.").

In *Steffes v. Stepan Co.*, 144 F.3d 1070 (7th Cir. 1998), the Seventh Circuit recognized that in certain rare cases, actions taken during the course of litigation could constitute retaliation which is protected. *See id.* at 1075. "[L]itigation tactics for the most part will not give rise to actionable retaliation." *Id*. at 1076. The court determined that it did not constitute actionable retaliation when an employee of the defendant, as part of discovery in a federal lawsuit, informed the plaintiff's new employer about her lawsuit and her medical restrictions. *See id*.

The Court concludes as a matter of law that Plaintiff's allegations do not constitute actionable retaliation. There can be little question that an offer to settle litigation–even an offer that one party may find to be outrageous and/or personally offensive–constitutes a litigation tactic. The same is true of a demand to retract statements that are alleged by a party to be libelous. The Court further concludes that a response to the

7

EEOC–even one that is alleged to contain false, misleading or incomplete information–does not form the basis of a retaliation claim because the letter was written during the course of litigation and in response to the Plaintiff's charge.  Moreover, neither a party's filing of a motion for sanctions which seeks dismissal, nor an objection to discovery served by an opposing party, constitutes actionable retaliation.  Likewise, the filing of a counterclaim for defamation and abuse of process, which are the nature of the claims included in Counts III and IV, does not constitute a retaliatory act.  These are obviously litigation tactics.  The Court finds that none of these allegations, considered individually, or in conjunction with one another, are sufficiently egregious to support a retaliation claim.

The Court further concludes that Plaintiff has not identified an adverse action which is sufficient to support a retaliation claim.  Although a tangible employment action is not necessary, a plaintiff must establish "that a reasonable employee would have found the challenged action materially adverse," thus dissuading him from pursuing a discrimination charge.  *See Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68

(2006). "Generally, if the challenged action would discourage other employees from complaining about employer conduct that violates Title VII, it constitutes an adverse employment action." *Vance v. Ball State University*, 646 F.3d 461, 473 (7th Cir. 2011).

None of the alleged acts engaged in by the Defendant has discouraged the Plaintiff from pursuing his rights. The Court concludes that none of these alleged retaliatory acts would discourage any reasonable employee from complaining about employer conduct. Accordingly, the Plaintiff has not alleged the requisite adverse action which is sufficient to support a retaliation claim.

III.

The Plaintiff has moved to dismiss the Defendants' Counterclaims for defamation and abuse of the judicial process.

A. Defamation

In order to state a claim for defamation, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third

9

party, and that this publication caused damages." *Green v. Rogers*, 234 Ill.2d 478, 491 (2009). "A statement is defamatory per se if its harm is obvious and apparent on its face." *Id*.

In support of their Counterclaim for defamation, the Defendants state that on June 28, 2012, the Plaintiff wrote to David Krutz, managing partner of Michael Best & Friedrich, the law firm representing the Defendants. The Defendants allege that Plaintiff accused them, through Counsel and Cindy Heindel, an Integrity employee, of witness tampering, witness intimidation and bribery. Moreover, a copy of the letter was sent to non-party Jeff Gipson.

The Defendants further allege that on July 29, 2012, the Plaintiff sent a letter to the United States Attorney in Springfield, Illinois accusing the Defendants of persuading and intimidating Mr. Gipson "into providing information which is knowingly false and/or contains material omissions of fact" during his deposition.

The Defendants state that on August 2, 2012, the Plaintiff sent an email to Mr. Krutz wherein he accused them of "perjury, witness

intimidation, and/or witness bribery."

The Defendants contend that Plaintiff's allegations are completely false, which he knows, and were made in order to harass and intimidate them. On that basis, the Defendants claim to have alleged the elements of defamation.

The Plaintiff contends that Defendants' Counterclaim seeking $700,000 is without merit. He asserts that their $200,000 settlement demand was not in good faith because such damages could not have arisen at the time of that counteroffer. The settlement demand was made two weeks before the Plaintiff contacted the United States Attorney and other regulatory bodies (in addition to the managing partner at Michael, Best & Friedrich and/or officials at Grange/Integrity). The Plaintiff also asserts that even if the claim had arisen, it would have been nearly impossible for $200,000 in damages to have been incurred.

The Plaintiff further contends that any statements or writings which form the basis of the Defendants' Counterclaims are protected by absolute litigation privilege. "[T]he absolute litigation privilege affords immunity to

11

attorneys (and other participants in the judicial process) from tort liability arising out of statements made in connection with litigation" and is "quite broad" in Illinois.  *See Steffes*, 144 F.3d at 1074.

The Defendants contend that the absolute litigation privilege does not apply because the Plaintiff's accusations were published to third parties such as  Gipson and Krutz.  Moreover, the Defendants assert that the Plaintiff's correspondence with United States Attorney was knowingly false and not in pursuit of initiating a judicial proceeding.  Therefore, they claim that the accusations were not protected by the absolute litigation privilege.

Based on these factual disputes, the Court is unable to conclude at this time that Defendants' claims are barred by the absolute litigation privilege.

The Plaintiff alleges that defamation against a corporation is not recognized generally in Illinois.  The Defendants note that the Seventh Circuit recently upheld a jury finding of defamation in favor of a corporation, including an award of punitive damages, based on false accusations of criminal fraud.  *See Neuros Co., Ltd. v. Kturbo, Inc.*, 698 F.3d

12

514, 518-520 (7th Cir. 2012).  Although examples of an individual committing defamation against a corporation do not appear to be common, the Court declines at this stage of the litigation to hold that Defendants are unable to assert a claim.

When the factual allegations are taken as true, the Court concludes that Defendants have sufficiently alleged the elements of defamation to withstand dismissal.  Assuming the truth of the allegations, the Court finds that Defendants have plausibly asserted that Plaintiff made false statements about the Defendants to third parties and damages resulted.

B. Abuse of process

The Defendants have also asserted a counterclaim for abuse of judicial process.  To establish abuse of process, a plaintiff must show "(1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Kumar v. Bornstein*, 354 Ill. App.3d 159, 165 (2d Dist. 2004).  The court in *Kumar* explained:

> In order to satisfy the first element, a plaintiff must plead facts that show that the defendant instituted proceedings against him

13

for an improper purpose, such as extortion, intimidation, or embarrassment.  In order to satisfy the second element, the plaintiff must show that the process was used to accomplish some result that is beyond the purview of the process.  The elements are strictly construed, as the tort of abuse of process is not favored under Illinois law.

*Id*. at 165-66 (citations omitted).

In support of their abuse of process counterclaim, the Defendants allege that Plaintiff has a history of abusing the judicial process to achieve at least three goals: (1) extort an unwarranted settlement; (2) cause undue duress and force the Defendants to pay escalated defense costs; and (3) coerce witnesses to lie in his favor or be subject to meritless litigation and harassment.

The Defendants further note that in their Counterclaims, they have pled that Plaintiff has done the following in the course of this litigation:

(1) threatened executive recruiters Jeff Gipson, Jim Roark and Michael Tingley, that he would be "forced to name and add all of your firms as defendants, and then voluntarily dismiss the appropriate ones, as facts dictate, after paper and/or testimony discovery has occurred," but that "perhaps the unpleasentries [sic] of federal litigation could be avoided

14

entirely" if they shared with the Plaintiff "Integrity's true motivation in this matter;"

(2) filed a Motion for Preliminary Injunction seeking to prohibit Integrity from disclosing publicly available documents to third parties in the course of its investigation of the Plaintiff's claims;

(3) filed a new EEOC charge on the same basis as his Motion for Preliminary Injunction;

(4) filed a Motion to Transfer Venue to the Northern District of Ohio based on Tingley and Criterion's involvement, even though both parties had been dismissed from the lawsuit;

(5) filed a lawsuit in the Southern District of Ohio against the Defendants' in-house counsel, Beth Murphy, for actions undertaken in her professional capacity as Integrity's in-house legal counsel;

(6) falsely accused the Defendants of witness bribery, intimidation and harassment, including pursuing such claims with the EEOC, state agencies, the United States Attorney and the Court;

(7) continued to pursue these allegations, and the harassment of Jeff

Gipson, despite this Court's Order to Nieman to cease his conduct;

(8) after the close of discovery, has initiated new actions in Wisconsin and California in contradiction of the Court's Orders; and

(9) has filed two motions to compel after the close of discovery. The Defendants contend that this conduct has been part of a continuing effort to extort an unwarranted settlement, gain retribution against the Defendants for rejecting his candidacy, and to have witnesses lie on his behalf. Based on the foregoing, the Defendants allege they have sufficiently alleged a claim for abuse of process.

To the extent that Plaintiff contends that Defendants' abuse of process claim is barred by *res judicata*, the Court disagrees. The Defendants' factual allegations relate to the Plaintiff's conduct which occurred both before and after August 31, 2012–the date on which the Court entered an Order in the related case which, *inter alia*, held the Defendants' Motion for Sanctions in abeyance. Thus, the Plaintiff was placed on notice that any further improper conduct may be considered in conjunction with his previous conduct in determining if sanctions were

16

warranted.

Moreover, to the extent that Plaintiff contends that the Defendants were required to file their counterclaims in the other pending action, the Court disagrees because the counterclaims appear to be related to the allegations contained in the Complaint that Plaintiff filed in this case. Based on the those allegations, the Defendants were required pursuant to Rule 13(a) of the Federal Rules of Civil Procedure to plead as counterclaims any such related claims.

The Plaintiff asserts that Defendants have misstated the record in alleging that he has acted with an improper motive in the hope of securing a large settlement.  However, that issue involves a factual dispute which cannot be resolved at this time.

The Court recognizes that abuse of process claims are not favored in Illinois.  *See Kumar*, 354 Ill. App.3d at 166.  The court in *Kumar* observed that it was unaware of any such case that did not involve an arrest or a seizure of property.  *See id*. at 165; *see also Parks v. Neuf,* 218 Ill. App.3d 427, 430 (4th Dist. 1991) ("The Illinois courts have found improper use of

17

process only in those instances where the has suffered an actual arrest or a seizure of property.").

Because the Defendants are not alleging an arrest or seizure of property, there may be doubt that their abuse of process counterclaim will ultimately succeed. In order to state a claim, however, the Defendants need only to show that Plaintiff had an ulterior purpose or motive and committed some improper act in using the legal process to pursue his case. *See Kumar*, 354 Ill. App.3d at 165. When the allegations are taken as true, the Court concludes that Defendants have plausibly alleged such a claim.

IV.

Based on the foregoing, the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint will be Allowed. The Plaintiff's Motion to Dismiss the Plaintiff's Counterclaims will be Denied. To the extent that Defendants have moved that sanctions be imposed pursuant to the August 31, 2012 Order in Case Number 3:11-cv-3404, the Court will hold that request in abeyance.

Ergo, the Defendants' Motion to Dismiss the Plaintiff's First

18

Complaint [d/e 3] is DENIED AS MOOT.

The Plaintiff's Motion to Dismiss the Defendants' Counterclaims [d/e 8] is DENIED.

The Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint [d/e 11] is ALLOWED.

This matter is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of entering a Scheduling Order as to the Defendants' Counterclaims.

ENTER: January 16, 2013

FOR THE COURT:

*s/Richard Mills*
Richard Mills
United States District Judge

19