IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 12-3250 |
| | ) | |
| GRANGE MUTUAL INSURANCE | ) | |
| COMPANY, INTEGRITY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Plaintiff's Motion for Judgment Under Rule 54(b) of the Federal Rules of Civil Procedure. Pending also is the Defendants' Motion to Voluntarily Dismiss Their Counterclaims without Prejudice.

I. Motion for Judgment

(A)

Plaintiff Jason Lee Nieman's Amended Complaint included a number of claims asserted against Defendants Grange Mutual Insurance Company

and Integrity Mutual Insurance Company. In Count I, the Plaintiff asserted retaliation claims under Title VII, the ADEA, and § 1981. In Count II, the Plaintiff asserted retaliation claims pursuant to the Illinois Human Rights Act, 775 ILCS 5/6-101 and the Ohio Civil Rights Act, O.R.C 4112.

In Count III, the Plaintiff asserted retaliation claims in violation of the ADEA, Title VII and § 1981, which were premised on the Defendants' Counterclaims filed in this case the previous day. Count IV included claims pursuant to the Illinois Human Rights Act and Ohio Civil Rights Act, and was also based on the Defendants' Counterclaims. The Defendants asserted counterclaims for defamation and abuse of process.

In an Order entered on January 16, 2013, the Court allowed the Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint and denied the Plaintiff's Motion to Dismiss the Defendants' Counterclaims. The Plaintiff filed a Notice of Appeal and Docketing Statement on the same day. On January 17, 2013, the Plaintiff filed this Motion for Judgment under Rule 54(b), claiming that the case represents

an exception and that immediate appeal is allowed even though the Court retained jurisdiction of the Defendants' counterclaims and did not issue a final judgment. Alternatively, the Plaintiff claims that justice and judicial efficiency would best be served by issuing a ruling under Rule 54(b) so that there is no question as to appellate jurisdiction. Rule 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however, designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In support of the motion, the Plaintiff states that because the Court did not grant him leave to amend and ruled that his allegations could never support a retaliation action, he expected the Court to issue a final judgment in favor of the Defendants on the operative complaint.

The Plaintiff further notes that the Court may issue a ruling finding

3

that pursuant to Rule 54(b), there is no just or proper reason for delay. This is due to the alleged distinction regarding the factual bases for the Plaintiff's claims and the Defendants' counterclaims, especially given that the counterclaims are based on state law. In determining whether a final judgment should be entered because the claims are separate, the key inquiry is the degree of factual overlap. *See On Command Video Corp. v. Roti*, _ F.3d _, 2013 WL 141701 (7th Cir. Jan. 14, 2013).

Additionally, the Plaintiff takes issue with the Court's ruling that counterclaims in an employment action cannot support a retaliation claim. The Plaintiff states that notwithstanding this Court's ruling, there appears to be a split of authority on the issue. *Compare Rosania v. Taco Bell of America, Inc.*, 303 F. Supp.2d 878, 883-84 (N.D. Ohio 2004) *with Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532-33 (5th Cir. 2003).

Finally, the Plaintiff contends that all of the issues present in this action will need to be reviewed on appeal. He claims, therefore, that judgment should be entered in the interest of judicial economy. The Plaintiff maintains that discovery should be conducted now instead of upon

remand. For these reasons, the Plaintiff asserts that the Court should enter judgment and certify under Rule 54(b) that there is no just reason for delay.

(B)

First, the Plaintiff's discussion of the merits as to the dismissed claims is not particularly relevant in determining whether the entry of a Rule 54(b) judgment is appropriate. This Court has addressed the merits. The issue is when the Court's Order will be subject to review.

The United States Court of Appeals for the Seventh Circuit has directed that Rule 54(b) be employed only when the subject claims do not overlap with those remaining in the district court. *See Lottie v. West American Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005). The rule is not meant to provide district courts with the option of certifying issues for interlocutory review. *See id*. at 939. "Rather, Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where separate means having minimal factual overlap." *Id*.

5

The Plaintiff does not really argue that the claims do not overlap. Except for noting that Defendants' counterclaims are based on state law and are "highly questionable," the Plaintiff does not discuss the extent of any overlap. However, the Court finds that although the Plaintiff's claims and Defendants' counterclaims may not be identical, the counterclaims are based on the Plaintiff's alleged litigation conduct. Moreover, there is significant factual overlap between all of the claims. Two of the counts which were dismissed were based directly on the Defendants' counterclaims.

Upon reviewing the record, the Court finds that Plaintiff failed to provide any sound basis as to why judgment should be entered under Rule 54(b) following the dismissal of his amended complaint. However, since the Plaintiff's Motion to Enter Judgment was filed and fully briefed, the Defendants have now moved to dismiss without prejudice their counterclaims. Based on that filing, the Court hereby determines that there is no reason to delay the entry of judgment in favor of the Defendants as to the Plaintiff's claims.

Although granting the relief requested by the Plaintiff, the Court

expressly concludes that the Motion for Judgment under Rule 54(b) was in bad faith at the time it was filed.

## II. Motion to Voluntarily Dismiss

Defendants Grange Mutual Casualty Company and Integrity Mutual Insurance Company have moved to voluntarily dismiss their counterclaims without prejudice. The Plaintiff does not oppose the motion to dismiss, though he alleges the dismissal should be with prejudice. The Plaintiff contends that because the counterclaims have been baseless from the outset, the Defendants should not be permitted to dismiss them and only to be allowed to re-file at a later date.

In support of the Motion, the Defendants note that immediately after the Court issued its Order on the Parties' Cross-Motions to Dismiss, the Plaintiff filed a Notice of Appeal and Jurisdictional Statement seeking appellate review of the decision, even though no final order was entered. The Seventh Circuit questioned whether appellate jurisdiction was appropriate. *See* Seventh Circuit Order of Jan. 17, 2013, Case No. 13-1127, Doc. No. 2.

There is a related case involving the same parties.  *See* Case Number 3:11-CV-3404-RM-BGC.  In the related case, the Defendants filed a motion for summary judgment as to all of the Plaintiff's claims, and a supplemental motion for sanctions based on what the Defendants allege is the Plaintiff's unreasonable, threatening, and harassing conduct since the Court's August 31, 2012 Order holding sanctions in abeyance.  Both motions remain pending.  The Plaintiff filed a Notice of Appeal in the related case on February 6, 2013, seeking Seventh Circuit review of the Court's Order denying his motion for leave to file a lawsuit against third-party Jeff Gipson.  The Defendants state that on February 7, 2013, the Seventh Circuit issued an order inviting the Plaintiff to file a brief addressing this Court's Order as to Gipson.

The Defendants further allege that on February 6, 2013, they engaged in a Rule 26(f) conference with the Plaintiff regarding the Counterclaims at issue.  According to the Defendants, the Plaintiff "steadfastly refused all of Defendants' requests to mitigate discovery costs or streamline discovery as to Defendants' Counterclaims, promising instead to file multiple motions

to compel and to likely seek sanctions, just as he had done in the Related Case."

The Plaintiff states that he has worked diligently toward fulfilling his discovery obligations. At the Rule 26(f) teleconference, the Plaintiff advised Counsel for the Defendants that he believed the Defendants' law firm has a conflict of interest because certain matters have been placed "at issue" and subject to full discovery. The Plaintiff claims that Defendants have never disputed these assertions. Moreover, the Plaintiff alleges that he did not agree to a streamlined discovery schedule, based on what he claims were problems which resulted in the related case as a result of a similar schedule. Discovery has commenced as to the counterclaims.

The Defendants seek leave to voluntarily dismiss their Counterclaims, without prejudice and with each party bearing its own costs, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Defendants seek this relief for the following reasons: (1) they claim that Plaintiff's attempts to appeal rulings, refusal to streamline or expedite discovery, and insistence on burdensome requests exposes them to undue delay and costs in resolving

their Counterclaims; (2) they allege the Plaintiff's strategy is to attempt to appeal every adverse decision as a means of harassment, while the Defendants seek to avoid defending piecemeal appeals; (3) they claim to be attempting to mitigate damages when possible, and thus believe it prudent to dismiss their Counterclaims in order to decrease costs and attorney's fees because of the Plaintiff's tactics; and (4) they can recover attorney's fees through their pending supplemental motion for sanctions and/or via a request for prevailing party fees in the related case.

The Defendants further allege that dismissal of their Counterclaims without prejudice is in the interest of judicial economy and would result in no prejudice to any party. Upon filing the motion, Counsel for the Defendants sent the Plaintiff a letter wherein he discussed the Defendants' reasons for moving to dismiss their counterclaims without prejudice. Although the Plaintiff alleges that Counsel provided "a somewhat different set of justifications" than are included in the Defendants' motion, the reasons provided in the letter appear to be entirely consistent with the allegations contained in the motion.

10

The Plaintiff further discusses the merits of the Defendants' Counterclaims for defamation and abuse of process. In its previous Order, however, the Court determined that Defendants had at this stage of the litigation sufficiently alleged the elements of their counterclaims. *See* Doc. No. 16. The Court declines to revisit that decision.

According to the Plaintiff, another reason that Defendants should be precluded from dismissing these actions without prejudice is that they could decide to re-file these actions in another jurisdiction on the basis that the wrongful act occurred there. However, that seems highly speculative and is inconsistent with the Defendants' expressed desire to streamline this litigation and mitigate costs.

The Plaintiff has made no secret of his strategy of appealing any adverse decision. He so advised Counsel for the Defendants in letters dated December 31, 2012, and January 27, 2013. *See* Case Number 11-3404, Doc. No. 119, Ex. 8-9. In the December 31, 2012 letter, the Plaintiff noted that "defense attorneys will continue to bill tremendous amounts." Based on the Plaintiff's own words, the Court concludes that Defendants

11

articulated reasons for seeking this relief are reasonable. Accordingly, the Court will allow their motion to voluntarily dismiss their counterclaims without prejudice.

   *Ergo*, the Plaintiff's Motion for the Entry of Judgment Under Rule 54(b) of the Federal Rules of Civil Procedure [d/e 19] is ALLOWED.

   Pursuant to the Opinion and Order entered on January 16, 2013 [d/e 16], and the Court's finding herein that there is no just reason for delay, the Clerk shall enter Judgment in favor of the Defendants as to the claims asserted by the Plaintiff in the Amended Complaint.

   The Defendants' Motion to Voluntarily Dismiss their Counterclaims without Prejudice [d/e 25] is ALLOWED.

   Because there are no claims which remain pending, the Clerk is Directed to terminate this case.

ENTER: February 20, 2013

                FOR THE COURT:

                          *s/Richard Mills*
                          Richard Mills
                          United States District Judge